1  Kelly H. Dove
   Nevada Bar No. 10569
2  Holly E. Cheong
   Nevada Bar No. 11936
3  SNELL & WILMER L.L.P.
   3883 Howard Hughes Parkway
4  Suite 1100
   Las Vegas, Nevada  89169
5  Telephone:  702.784.5200
   Facsimile:  702.784.5252
6  Email:  kdove@swlaw.com
          hcheong@swlaw.com
7
   *Attorneys for Interpleader Plaintiff Protective Life*
8  *Insurance Company*

9                  UNITED STATES DISTRICT COURT
10                      DISTRICT OF NEVADA
11

12 PROTECTIVE LIFE INSURANCE              Case No. 2:21-cv-00548-RFB-EJY
   COMPANY,
13
                  Plaintiff,
14
   vs.                                    **[PROPOSED] ORDER GRANTING**
15                                         **PLAINTIFF PROTECTIVE LIFE**
   EDUARDO DE LEON and MARIA LUZ          **INSURANCE COMPANY'S MOTION FOR**
16 ANDRADE,                               **FEES AND COSTS**

17                Defendants.

18

19        On November 22, 2021, Interpleader Plaintiff Protective Life Insurance Company's

20 ("Protective"), Motion for Fees and Costs (Doc. 35) came before this Court for hearing. Kelly H.

21 Dove, Esq. of Snell & Wilmer appeared on behalf of Protective, Jerry S. Busby, Esq. of Cooper

22 Levenson, P.A. and Julie A. Mersch Esq. of Law Office of Julie A. Mersch appeared on behalf of

23 Defendant Eduardo De Leon, and David F. Sampson, Esq. of the Law Office of David Sampson,

24 LLC appeared on behalf of Defendant Maria Luz Andrade.  Having considered the Motion for

25 Fees and Costs, all supporting papers, arguments of counsel, and good cause having been shown,

26 the Court finds and orders as follows:

27 / / /

28 / / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

**FINDINGS OF FACT**

1.      On or around June 22, 2004, Chase Insurance Life and Annuity Company f/k/a Federal Kemper Life Assurance Company issued a term policy insuring the life of Maria De Leon (the "Insured") in the face amount of $500,000.00—Policy No. FK3326230 (the "Policy").

2.      In the application that was incorporated as part of the Policy, the Insured was designated as the Policy's owner.  The application further designated the Insured's spouse at the time, Defendant Eduardo De Leon, as the Policy's primary beneficiary, and the Insured's mother, Defendant Maria Luz Andrade, as the Policy's contingent beneficiary.

3.      In or around April 1, 2007, Chase Insurance Life and Annuity Company f/k/a Federal Kemper Life Assurance Company merged with and into Protective, and Protective thereafter assumed responsibility for the Policy.

4.      Upon information and belief, the Insured died on February 12, 2021. Protective thereafter provided Eduardo De Leon with the necessary forms to make a claim for the Policy's death benefit—*e.g.*, a Claimant's Statement and IRS Form W-9.  Protective further requested a copy of the divorce decree between Eduardo De Leon and the Insured to determine whether the Insured was required to maintain the Policy for Mr. De Leon's benefit, as divorce generally revokes an ex-spouse's beneficiary designation under Nevada law.  *See* Nev. Rev. Stat. § 111.781.

5.      On or around March 19, 2021, Eduardo De Leon submitted a completed Claimant's Statement and IRS Form W-9 to Protective.

6.      Protective could not determine without peril whether the Policy proceeds are owed and payable to Eduardo De Leon, or whether the proceeds are owed and payable to the Policy's contingent beneficiary, Maria Luz Andrade.  As a result, Protective initiated the above-captioned interpleader lawsuit on April 2, 2021, naming Eduardo De Leon and Maria Luz Andrade as defendants (collectively "Interpleader Defendants").

7.      On June 25, 2021, Protective deposited the Policy proceeds and accrued interest in the amount of $505,054.79 with the Clerk of Court.  *See* Docs. 28, 29.

/ / /

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

8.      On July 29, 2021, Protective filed its Motion for Fees and Costs and its Reply in Support of Its Motion for Fees and Costs on August 9, 2021, amending its fees and costs to reflect the additional amount expended in motion practice in this interpleader action.  *See* Docs. 35, 47. As of August 9, 2021, Protective had expended $18,343.86 in fees and costs on this interpleader action.

9.      On November 22, 2021, this Court heard argument on Protective's Motion for Fees and Costs and found that, Protective had expended $18,343.86 in fees and costs as of August 9, 2021.[1]

## CONCLUSIONS OF LAW

1.      An insurance company, like Protective, may "file an interpleader action to protect itself against problems posed by multiple claimants to a single fund."  *Pruco Life Ins. Co. v. Martin*, No. 2:11-CV-00186-GMN, 2011 WL 3627282, at *1 (D. Nev. Aug. 16, 2011) (quoting *Minnesota Mutual Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999)).   Interpleader "enables a person or entity in possession of a tangible res or fund of money (the 'stakeholder') to join in a single suit two or more 'claimants' asserting mutually exclusive claims to that stake." *Intersecurities, Inc. v. Mironov*, No. 2:07-CV-01656 (BES) (RJJ), 2008 WL 11388737, at *1 (D. Nev. Dec. 11, 2008).   A district court "has broad powers in an interpleader action." *Id.*

2.      "The proper rule, in an action in the nature of interpleader, is that the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962); *G. Dallas Horton & Assocs. v. Harris*, No. 2:15-CV-1693 (JCM) (GWF), 2016 WL 4060306, at *1 (D. Nev. July 28, 2016) (same); *Nevada Title Co. v. Lil Rascals*, No. 2:07-CV-0650-RLH-PAL, 2007 WL 4458172, at *3 (D. Nev. Dec. 12, 2007) (same). "This is because the plaintiff has benefited the claimants by promoting early litigation on ownership of the fund, thus preventing dissipation." *John Hancock Life Ins. Co. v. Jacobs*, No. 2:13-cv-557-APG-GWF, 2014 WL 587521, at *1 (D. Nev. Feb. 13, 2014) (citing *Seaboard Stevedoring Corp.*, 306 F.2d at 194).

---

[1] Protective represented at the hearing that it would not pursue its fees from August 9, 2021 forward if it would be awarded its fees incurred until that date.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

1    "Moreover, a plaintiff should not have to pay attorneys' fees in order to guard himself against the

2    harassment of litigation." *Id.*

3          3.      "Compensable expenses include, for example, preparing the complaint, obtaining

4    service of process on the claimants to the fund, and preparing an order discharging the plaintiff

5    from liability and dismissing it from the action." *Trustees of Directors Guild of Am.-Producer*

6    *Pension Benefits Plans v. Tise*, 234 F.3d 415, 426–27 (9th Cir.), *opinion amended on denial of*

7    *reh'g*, 255 F.3d 661 (9th Cir. 2000); *Principal Life Ins. Co. v. Calloway Est. of Perkins*, No. 1:19-

8    CV-00147 (DAD) (SKO), 2021 WL 720648, at *6 (E.D. Cal. Feb. 24, 2021) (discussing the

9    scope of fees and expenses compensable in an interpleader action and holding: "In accordance

10   with the Ninth Circuit's rule in *Tise*, the Court will allow some recover for the following tasks:

11   preparing the complaint and the motion to deposit funds; obtaining service of process on the

12   claimants; preparing for and attending the Rule 26(f) conferences; and preparing the motion for

13   discharge and dismissal"); *Mut. of Omaha Ins. Co. v. Est. of Arachikavitz*, No. 2:06-CV-00830-

14   BES, 2007 WL 2788604, at *5 (D. Nev. Sept. 21, 2007) (same).

15         4.      "An award of attorney's fees is subject to the lodestar factors set forth by the U.S.

16   Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *Wells Fargo Bank, Nat'l*

17   *Ass'n v. Smith*, No. 2:20-CV-00006 (APG) (BNW), 2020 WL 2494619, at *3 (D. Nev. May 13,

18   2020) (internal citations omitted). This Court determined Protective's "reasonable fee by

19   multiplying the number of hours by a reasonable hourly rate." *Id.*  This Court also considered

20   whether to adjust the calculation using the following factors: "(1) the time and labor required, (2)

21   the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal

22   service properly, (4) the preclusion of other employment by the attorney to due acceptance of the

23   case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) the time limitations

24   imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)

25   the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11)

26   the nature and length of the professional relationship with the client, and (12) awards in similar

27   cases." *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

5.      This Court hereby awards Protective $18,343.86 from the $505,054.79 on deposit with the Clerk of Court, which accounts for those fees and costs incurred in Protective's filing of this action, participating in required Court conferences, and pursuing a release from liability. This award is reasonable, modest, and will not deplete the fund at the expense of the party who is ultimately deemed by the Court to be entitled to it.  Protective's requested award accounts for only approximately 3% of the $505,054.79 on deposit, which is consistent with similar awards in interpleader actions. *See, e.g. Primerica Life Ins. Co. v. Aguilar*, No. 2:20-CV-00121 (JAD) (BNW), 2021 WL 2371228, at *7 (D. Nev. June 9, 2021) (awarding the insurer stakeholder $11,294.12 in attorneys' fees and costs, which amounted to roughly 2.5% of the $412,000.00 insurance proceeds on deposit); *Knights of Columbus v. Virginia Tr.*, No. 2:12-CV-688 JCM VCF, 2013 WL 4040822, at *2 (D. Nev. Aug. 6, 2013) (awarding the stakeholder $15,918.00 in attorneys' fees and costs, which amounted to 3% of the $529,010.54 stake on deposit); *Mut. of Omaha Ins. Co. v. Est. of Arachikavitz*, No. 2:06-CV-00830-BES, 2007 WL 2788604, at *6 (D. Nev. Sept. 21, 2007) (awarding the insurer stakeholder $5,000.00 in attorneys' fees, which amounted to 9% of the $55,000.00 funds on deposit).

## JUDGMENT

Based on the foregoing Findings of Fact and Conclusions of Law, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Protective Life Insurance Company's Motion for Attorneys' Fees is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, pursuant to this Court's Minute Order, Doc. 55, that Protective is dismissed from this action with prejudice and discharged from all further liability with respect to, affecting, or in any way arising out of the Policy.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Interpleader Defendants are permanently enjoined from instituting or prosecuting any other proceeding, arbitration, or lawsuit against Protective with respect to the Policy's death benefit, as well as any

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
702.784.5200

- 5 -

1     and all claims that were or could have been raised in this action against Protective relating to the

2     Policy.

3            Protective Life Insurance is **HEREBY AWARDED** its attorneys' fees in the amount of

4     $18,343.86.  The Clerk of the Court shall disperse these funds from the $505,054.79 on deposit.

6                        **IT IS SO ORDERED.**

7                        _____

8                        RICHARD F. BOULWARE, II
                            UNITED STATES DISTRICT JUDGE

9                        DATED: _____December 6, 2021_____

10     4861-3845-0437.1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200